# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| ROBERT LEWIS NEWTON aka ) | |
| BOB NEWTON & CHARLOTTE ) | |
| EARLINE NEWTON, ) | Case No. 06-20040-TLM |
| ) | |
| Debtors. ) | ORDER DENYING MOTION |
| ) | TO RECONSIDER |
| _____ ) | |

The Court previously denied a motion for stay relief brought by creditor CitiFinancial Auto Corporation ("CitiFinancial") based on the failure of such creditor to establish that it was a perfected, secured creditor as required, *inter alia*, by Local Bankruptcy Rule 4001.2(b)(5). *See* Doc. No. 18. The denial of that motion was specifically without prejudice to the filing of a motion for stay relief when CitiFinancial was in a position to prove its entitlement to relief. *Id.*

CitiFinancial has moved the Court to reconsider that Order. *See* Doc. No. 19. CitiFinancial admits that it was unable to correct the noted defect in its stay relief pleadings within the time allotted by the Court. *Id*. at 1. CitiFianncial thus tacitly concedes that its motion for stay relief did not meet the requirements of LBR 4001.2 when it was originally filed. It is self-evident that CitiFinancial should not have filed a knowingly inadequate motion, and, if it had difficulty

ORDER DENYING MOTION TO RECONSIDER - 1

amassing the required documentation, it should have delayed the filing of the motion until it was in a position to present an adequate showing.

The motion for reconsideration argues that the required documents have since been obtained and can now be tendered. *Id*. at 1. Though CitiFinancial cites Fed. R. Bankr. P. 9023 (which incorporates Fed. R. Civ. P. 59), it does not explain why its belated acquisition of the documents it needed to properly advance a stay relief motion somehow constitutes good cause to "reconsider" the order. A motion under Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59 must establish (i) a manifest error of law, (ii) a manifest error of fact, or (iii) the existence of "newly discovered" evidence. *Oldemeyer v. Couch-Russell (In re Couch-Russell)*, 04.1 I.B.C.R. 9, 10 (Bankr. D. Idaho 2004). Such a motion cannot be used to reargue matters "or to attempt to cure deficiencies in earlier submissions that were found to be inadequate." *Id.* (citing *In re Negrete*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996)).

The present motion does not establish grounds for relief under the Rules and these standards. There is no "newly discovered evidence" within the contemplation of the Rule (i.e., evidence which could not have been discovered and timely presented by the movant acting with due diligence). Nor is there manifest error of either fact or law in the Court's entry of the original Order. CitiFinancial only argues that it should be allowed to correct the deficiencies in its

ORDER DENYING MOTION TO RECONSIDER - 2

submissions after the Court has evaluated those submissions and ruled thereon. As noted in *Couch-Russell* and *Negrete*, standing among a host of similar authority, that is improper.

The motion of CitiFinancial, Doc. No. 19, is therefore DENIED.

DATED: June 7, 2006

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

ORDER DENYING MOTION TO RECONSIDER - 3